*FILED*

*97 MAY 29 PH 3: 33*

*U.S. DISTRICT COURT*
*N.D. OF ALABAMA*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BUDDIE WATSON KING, et al.,** | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-97-N-0243-S |
| | ] |
| **AMERICAN NATIONAL** | ] |
| **INSURANCE COMPANY, et al.,** | ] |
| | ] |
| Defendant(s). | ] |

*ENTERED*

*MAY 29 1997*

**Memorandum and Order**

## I.    Introduction

Buddie Watson King and Fayrene R. Zink filed this civil action against the defendants American National Insurance Co. ("ANI") and Legacy Marketing Group, Inc. ("LMG") in the Circuit Court of Jefferson County, Alabama on December 20, 1996. The class action complaint contains counts alleging fraud and deceit, negligent misrepresentation, unjust enrichment, breach of the duties of good faith and fair dealing, and money had and received. On December 30, 1996, without notice to the defendant or a hearing, the state court judge issued an *ex parte* order conditionally certifying a nationwide class consisting of "all individuals who purchased annuities offered for sale by defendants ANI and/or LMG from May 31, 1993 until April 1, 1996, at arbitrary and unfairly discriminatory rates and premiums that did not reflect the ten percent (10%) discount at which Defendants offered and sold the same products to others." *Order of December 30.*[1] The defendants removed

---

[1] This court's view of the practice of some state courts of "conditionally" certifying class actions before service of process, without notice to any defendant, and without evidence, other than counsel's conclusory allegations, has been stated before and will not be repeated here.

*14*

the action on January 30, 1997, and this court, on motion of the defendants, vacated the class certification order on February 6, 1997.

Presently before the court is the plaintiffs' motion to remand, filed on February 20, 1997. The motion has been briefed and is ripe for decision. Upon due consideration, the motion will be denied.

## II.  Allegations of the Complaint

The plaintiffs allege that, on or about May 31, 1993, ANI signed agreements for insurance processing and marketing with LMG. Pursuant to those agreements, LMG sold products for ANI, including some of the products at issue in this case. In connection with these duties, LMG acted as ANI's agent in marketing and selling annuities to the plaintiffs and members of the plaintiff class. The plaintiffs contend that each of their claims is based "upon Defendants' conduct in failing to disclose to Plaintiff and Class Members that ANI, LMG and their agents were charging Plaintiff and Class Members arbitrary and unfairly discriminatory rates and premiums for the same annuity products they sold to others at rates and premiums up to ten percent (10%) less than the rates and premiums paid by Plaintiff and Class Members during the Class Period." *Complaint* at 2. The complaint alleges that ANI gave its agents, including LMG and its agents, discretion to arbitrarily decide who received discounts, called bonuses, and who did not. When an individual was offered the bonus, it took the form of an annuity premium actually paid, which then became part of the account value of the contract. According to the plaintiffs, a person who received the maximum bonus was charged a 10% lower premium than a class member who did not receive a bonus. The plaintiffs contend this policy was discriminatory and illegal.

2

The plaintiffs assert Alabama state law claims for fraud and deceit, negligent misrepresentation, unjust enrichment, breach of the duty of good faith and fair dealing, and money had and received.

## III. Discussion

"A removing defendant has the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996). Where no issue regarding federal law is raised, a federal court may exercise jurisdiction only under the diversity jurisdiction provisions of 28 U.S.C. § 1332(a)(1). That statute confers jurisdiction on the federal district courts in civil actions "between citizens of different states," where the amount in controversy exceeds $75,000. "Complete diversity" is required in these situations, meaning that no plaintiff may be from the same state as any defendant. *Palmer v. Hospital Authority of Randolph* County, 22 F.3d 1559, 1564 (11th Cir. 1994) (*citing Strawbridge v. Curtis*, 3 Cranch (7 U.S.) 267 (1806)). Plaintiff Buddie Watson King is a citizen of Jefferson County, Alabama and his co-plaintiff, Fayrene R. Zink, is a citizen of Midland, Texas. Defendants American National Insurance Company and Legacy Marketing Group, Inc. are, respectively, citizens of the states of Texas and California. Because plaintiff Zink and defendant ANI are both residents and citizens of the same state, it appears, facially, that there is not complete diversity of citizenship and that this court lacks diversity jurisdiction.

The plaintiffs contend, however, that "[t]he claims of Fayrene R. Zink . . . are improperly or fraudulently joined with those of Plaintiff King for the sole purpose of destroying this Court's diversity jurisdiction." *See Notice of Removal* at 2. Essentially, this

3

is a claim that Ms. Zink was fraudulently joined or misjoined as a plaintiff in this action in order to deprive the defendants of any right they might otherwise have to litigate the claims against them in a federal forum. Courts may disregard the citizenship of fraudulently joined parties when assessing jurisdiction. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[2] "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

Rule 20(a) Fed. R. Civ. P. states that

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction or occurrence, or series of occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a). These two plaintiffs cannot meet the "arising out of the same transaction or occurrence, or series of occurrences" requirement of Rule 20(a). In fact, they do not even allege that their claims arise under circumstances meeting the requirements of Rule 20(a). Instead, in a very general way the plaintiffs claim that they each purchased annuity contracts from LMG agents several hundred miles apart. The clear implication of the complaint is that their respective purchases were completely separate and apart, one from the other. Moreover, as noted, all the claims are predicated upon the common and statutory law of the state of Alabama. Yet, Ms. Zink's claims will be tried, if at all, under the law of the state of Texas. *See, Norris v. Taylor*, 460 So. 2d 151, 152 (Ala. 1984)(Alabama

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

4

applies *lex loci delicti* to resolve certain conflicts of law question. The law of the place of the injury determines the rights of the parties.) Thus, it appears that the plaintiffs' claims did not arise out of the same occurrence or transaction or the same series of occurrences or transaction and that there are no common questions of law. The only common question of fact, about which there is seemingly no dispute, is the contract of May 31, 1993, between the two defendants. Accordingly, the court finds that the claims of Ms. Zink should not have been joined with those of Mr. King.

Misjoinder, does not, in and of itself, require this court to retain jurisdiction of the action. In *Tapscott*, the Eleventh Circuit held:

> We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.

In *Tapscott*, the amended complaint added a defendant, the claims against whom had no connection to the claims against the other defendants. The court specifically found that the only similarity in the claims against the defendants was the allegations of violations of the same statutes. *Tapscott*, 77 F.3d at 1360. The court went further to say that "[s]uch commonality on its face is insufficient for joinder." *Id.*

Here, it is perfectly apparent that the plaintiffs' counsel have lifted Ms. Zink's claims part and parcel from the plains of Texas and brought them 900 hundred miles east to the hills of Alabama for the purpose of depriving the defendants of their right to a federal forum. The court will not countenance such an obvious disdain for the rules or plaintiffs' cavalier attitude toward concepts of simplicity and fair play. The court expresses no view of the merits of the plaintiffs' claims, the alleged conduct of the defendants, or how either

5

may ultimately play. All the parties are entitled to a fair opportunity to be heard and a fair

adjudication of their claims and defenses. The defendants are entitled to a federal forum.

## IV.  Conclusion

The motion to remand will, by separate order, be denied. The claims of Ms. Zink will

be severed and a new case opened which will be styled as *Fayrene R. Zink v. American*

*National Insurance Co.* and *Legacy Marketing Group, Inc.* Thereafter, the court will

entertain a motion to transfer venue of that case to the Western District of Texas pursuant

to 28 U.S.C. §§ 1404 and/or 1406.

Done, this  $\underline{29^{th}}$  of May, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

6